UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE KNERR,

        Plaintiff,

v.

HENRY RICHARDS, Ph.D.*,*

        Defendant.

Case No. 08-5021 RJB/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. Dkt. # 34. Having carefully reviewed Plaintiff's motion, Defendants' response (Dkt. # 37)[1], and the balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**I. DISCUSSION**

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984);

---

[1] Plaintiff filed a reply, but failed to sign it. Dkt. # 38. The Court ordered Plaintiff to sign his reply and re-file it with the Court on or before January 9, 2009 and re-noted his motion for counsel for the same date. Dkt. # 39. Plaintiff failed to do so. Pursuant to Fed.R.Civ.P. 11(a), the Court shall order the reply stricken and has not considered it in determining this motion.

ORDER - 1

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). *Id*.

Plaintiff protests that he has no legal knowledge or abilities, that he has not authored the complaint or subsequent filings in this matter, but that they were prepared by some unnamed person or persons on his behalf. Dkt. # 38, pp. 1, 5. However Mr. Knerr has chosen to present his claims to this Court, he has done so in a manner demonstrating an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. There is nothing in the motion for counsel presented to the Court to indicate that a finding of exceptional circumstances is warranted in this case. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. Concerns regarding investigation and discovery, an absence of legal training and limited access to legal materials are not exceptional factors, but are the type of difficulties encountered by many pro se litigants. In his pleadings, Plaintiff cites to numerous state and federal cases, the Constitution, federal statutes, the Revised Code of Washington, the Washington Administrative Code and Black's Law Dictionary. Dkt. # 18. There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.

Plaintiff also states that there is a likelihood of success on the merits, however, he has not provided any further information to support his contention other to state generally that his case is meritorious and important. Dkt. # 34. This is not sufficient to carry the burden under this prong. *See, e.g.*, *Wilborn*, 789 F.2d at 1331. Accordingly, the Court finds that counsel is not necessary in this case.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to appoint counsel (Dkt. # 34) is **DENIED**.

(2) Plaintiff's reply (Dkt. # 38) is **STRICKEN**.

ORDER - 2

(3) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  16th  day of January, 2009.

                                              Karen L. Strombom
                                              United States Magistrate Judge

ORDER - 3