UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE KNERR,

    Plaintiff,

v.

HENRY RICHARDS, PH.D.,

    Defendant.

Case No. C08-5021 RJB/KLS

ORDER REGARDING PLAINTIFF'S "OBJECTION TO DEFENDANT'S NOTICE OF TAKING DEPOSITION UPON ORAL EXAMINATION

Before the Court is Plaintiff Jesse Knerr's "Objections to Defendant's Notice of Taking Depositions." Dkt. # 46. Mr. Knerr did not file his objections as a motion or note it for the Court's consideration. However, Defendant Henry Richards filed a response and asks the Court to construe Mr. Knerr's objections as a motion for protective order pursuant to Rule 26(c)(1) Fed.R.Civ.P. Dkt. # 45. Mr. Knerr's deposition was originally set for February 18, 2009, but it was rescheduled for February 25, 2009 after the parties conferred. Dkt. # 45, p. 5.

Upon review of the parties' filings, the Court concludes that Mr. Knerr's "objections" should be construed as a motion for protective order, that it should be denied, and the parties shall proceed with discovery, including depositions.

ORDER - 1

**BACKGROUND**

Mr. Knerr is a resident of the Special Commitment Center (SCC), a total confinement treatment facility for sexually violent predators. Dkt. # 18, p. 3. Mr. Knerr alleges that Defendant Richards violated his constitutional due process and equal protection rights when he punished Mr. Knerr and placed him in isolation following an incident on September 11, 2007 when Mr. Knerr and two other residents physically assaulted a fourth SCC resident. *Id.*, p. 9. Mr. Knerr also alleges that he was the victim of sexual and physical assaults by residents and staff members for more than three years. *See, e.g., id.*, pp. 14-15.

On January 28, 2009, the Court denied Mr. Knerr's motion for the appointment of counsel. Dkt. # 42. On February 6, 2009, Mr. Knerr filed a motion for reconsideration of that Order. Dkt. # 44.

On February 6, 2009, Defendant mailed a Notice of Taking Deposition Upon Oral Examination to Mr. Knerr setting the date of his deposition for February 18, 2009. Dkt. # 48, p. 3; Exh. A On February 13, 2009, Defendant received Mr. Knerr's Objection (Dkt. # 46), which was dated the previous day. Dkt. #48, p. 3. Mr. Knerr objected to the taking of his deposition because (1) he had less than a week's notice, (2) he is not trained in the law, and (3) his motion for reconsideration of the Court's prior denial of his motion for the appointment of legal counsel was pending. *Id.*, p. 1.

Defendant filed his response on February 17, 2009. Dkt. # 45. Defendant asks the Court to deny Mr. Knerr's motion for protective order, that he be ordered to attend his deposition now rescheduled for February 25, 2009, and that the Court enter findings that the attorney fees Defendant has incurred to respond to Mr. Knerr's motion are reasonable and that he be directed to pay a sum certain, but that such ruling abide the trial or dispositive motion.

ORDER - 2

On February 19, 2009, Judge Robert J. Bryan denied Mr. Knerr's motion for reconsideration of Order Denying Motion for Appointment of Legal Counsel. Dkt. # 49.

Mr. Knerr filed his reply on February 20, 2009. Dkt. # 50. He argues that Defendant Richards has counsel and he "is <u>entitled</u>, in law and under concepts of 'equal protection', <u>to no less</u> ...". Dkt. # 50, p. 1 [emphasis in original]. Mr. Knerr states that he will participate in discovery when he has been appointed legal counsel. *Id*. He argues that he has shown "exceptional circumstances" warranting the appointment of counsel by virtue of his victimization alone and that his case may come to nothing if counsel is not appointed on his behalf. *Id*., p. 3.

Mr. Knerr also argues that he has shown good cause why his deposition should not proceed because defense counsel will use oppressive, aggressive tactics to unsettle him, he is unduly burdened because he has never given a deposition before and has no knowledge of his rights, and because he is indigent, cannot afford the recording tapes of the deposition. *Id*., pp. 3-4. Mr. Knerr also objects that he should have to give his deposition first and that he has so far been unable to obtain discovery materials without legal counsel. Dkt. # 46, p. 2.

On March 2, 2009, Mr. Knerr appealed the Order denying his motion for reconsideration to the Ninth Circuit Court of Appeals. Dkt. # 51.

**DISCUSSION**

**A.     Motion for Protective Order**

A party may obtain discovery only regarding matters "relevant to the claim or defense of any party. . . ." Fed. R. Civ. P. 26(b)(1). The Court may limit discovery if the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive". Fed. R. Civ. P. 26(b)(2)(C)(i). The court may order that requested discovery not be had, or may be had only in a specified manner, including limiting the type of discovery allowed.

ORDER - 3

Fed. R. Civ. P. 26(c).

A party from whom discovery is sought may request a protective order by (1) certifying that he has in good faith conferred or attempted to confer with opposing counsel in an effort to resolve the dispute without court action, and (2) demonstrating good cause for the relief requested. Fed.R.Civ.P. 26(c)(1).

Mr. Knerr did not certify that he conferred in good faith with defense counsel to resolve this dispute before filing his objections to the deposition notice. On the other hand, defense counsel contacted Mr. Knerr by telephone, rescheduled his deposition, and offered to permit him to conduct his deposition via non-stenographic means. Dkt. # 48, p. 3.

Mr. Knerr has not demonstrated good cause for delaying discovery in this case. His objections to the taking of his deposition are based primarily on his lack of legal counsel. Mr. Knerr's motions for the appointment of legal counsel have been denied. Although his motions for counsel have been denied and motions for reconsideration have been denied, Mr. Kneer states in his reply that "he has absolutely no problem with attending depositions scheduled by Defendant's attorney, **IF** he is also allowed to have legal counsel who can be with him in such a deposition...". Dkt. # 50, p. 6 [empahsis in original]. This Court will not appoint legal counsel on Mr. Kneer's behalf. Mr. Kneer has chosen to bring this action and now must proceed with his litigation. The Court notes that all of Mr. Kneer's pleadings and motions are typed, legible and coherent. In addition, the Court notes that Mr. Knerr's appeal of the Order denying his motion for reconsideration need not delay discovery in this case as the Ninth Circuit Court of Appeals takes the position that denials of appointed counsel in 42 U.S.C. § 1983 cases are not immediately appealable. *See Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986).

On October 17, 2008, the Court set the discovery deadline of April 17, 2009. Dkt. # 31.

ORDER - 4

Thus, the parties have had ample time to engage in discovery. Although Mr. Knerr states that he has so far been unable to obtain discovery materials, there is nothing in the record to indicate that he has engaged in discovery efforts or that he has conferred with defense counsel. Before a party looks to this Court for assistance in compelling discovery, that party must first "include a certification that he has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A). The Court expects all parties to cooperate in their discovery efforts.

Mr. Knerr's concern that he should be permitted to proceed "first" with discovery is also without merit. He may proceed with his discovery requests and noting the Defendant's deposition in accordance with the rules. Mr. Knerr is referred to Rule 30 of the Federal Rules of Civil Procedure governing the proper procedure to follow regarding notice and the taking of depositions. He is again advised that he must confer with Defendant's counsel and that the Court will not entertain any discovery motions unless the parties have first attempted to resolve their discovery disputes. Any discovery motion brought before this Court "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B).

It appears that the parties have begun to discuss non-stenographic depositions to save costs. Dkt. # 45, p. 3. To the extent the parties cannot agree, the Court suggests the following:

ORDER - 5

(a) any deposition performed by plaintiff shall take place at or near the Special Commitment Center (SCC), organized with the assistance of the authorities at the SCC;

(b) if the parties cannot agree otherwise, the depositions shall be conducted before an officer appointed or designated under FRCP 28; this should be an independent party without any interest in the matter and defendants should in good faith seek to allow or agree to use an employee of the SCC to perform these duties to alleviate the high cost of using a private business; in any event the taped deposition shall include the information indicated in FRCP30(b)(4);

(c) the individual either chosen by the parties or appointed by the court to provide the oath at a deposition shall also operate two tape recorders to produce two original recordings of a deposition; (Please note, if the parties are unable to agree to an individual, before the court is willing to appoint an individual to administer oral depositions for plaintiff, plaintiff must explore other means to conduct discovery. Specifically, plaintiff should consider Rule 31 to obtain information. The parties shall also note Rule 29 of the Federal Rules of Civil Procedure provides alternatives to general discovery practice and procedure, and the court encourages the parties to mutually work out discovery complications. Parties should inform the court of stipulations made pursuant to Federal Rule of Civil Procedure 29.)

(d) defendants' counsel may attend any deposition noted by plaintiff and defendant may record a deposition on his or her own equipment or defendants may ask plaintiff to produce a copy of the original tape at defendants' cost; defendants may choose to stenographically record a deposition at their own cost;

(e) at the end of a deposition the plastic tab(s) on each original cassette shall be removed to help prevent the tape from being erased or recorded on a second time;

(f) at the end of a deposition one original tape shall be placed in an envelope, sealed, and signed by the person chosen or appointed to give the oath; this tape recording shall be delivered in its sealed state to the clerk of the court for filing with the court record;

(g) if the testimony from any deposition is to be used by either party in a motion, pleading or any aspect of the trial, the party proposing to use that testimony must supply the court with a written transcript of the relevant portions of the deposition;

(h) a transcript of a deposition shall not be filed with the court unless it is to be used by a party in a motion, pleading, or trial of this matter; a transcript of a deposition, in whole or in part, shall not be filed with the court unless the deponent has had the opportunity to review and make any changes or corrections he or she deems necessary;

ORDER - 6

    (i) any challenge to the accuracy or trustworthiness of a transcript filed by a party can be raised in an objection served and filed by the opposing party in a responsive brief or appropriate and timely motion;

    (j) if the recording is of poor quality and the court cannot understand the tape and transcription, the recorded deposition shall not be utilized by either party for any purpose.

**B. Motion for Costs**

If a motion for discovery is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent, whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if ...the opposing party's nondisclosure was substantially justified or other circumstances make an award or expenses unjust. Fed.R.Civ.P. 37(a)(5)(A).

Here, Defendant Richards provides evidence that he has incurred attorney fees in the sum of $175.00 to respond to Mr. Knerr's motion and he seeks a finding <u>only</u> that (1) the attorney fees of $ 175.00 are reasonable and (2) that it is appropriate for Mr. Knerr to pay the amount of $175.00. Dkt. # 45, p. 5. Defendant Richards asks that the Court's ruling abide the trial or dispositive motion. *Id*.

Mr. Knerr responds that it is a "silly exercise to demand 'sanctions' and monetary compensation from one who is totally indigent" and that it would have a "chilling effect" upon his rights and is meant to intimidate and "possibly shock" him into giving up on his complaint. Dkt. # 50, p. 5.

As Defendant Richards does not seek a final ruling, the Court shall defer ruling on the motion at this time. Defendant Richards may renew his motion at trial or upon the filing of a dispositive motion.

ORDER - 7

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion for protective order and stay of discovery is **DENIED.** The parties may proceed with discovery, including deposition discovery.

(2) Defendant's motion for sanctions is **DENIED without prejudice at this time.**

(3) The Clerk of Court shall send copies of this Order to Plaintiff and counsel for Defendant.

DATED this  18th  day of March, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 8